UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **SACV 13-00487-MWF**                                Date:  **April 29, 2013**

Title:     In re: Yan Sui

---

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

    Rita Sanchez                                                   None Present  
   Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR APPELLANT:              ATTORNEYS PRESENT FOR APPELLEE:

None Present                                                                 None Present

PROCEEDINGS (IN CHAMBERS):  ORDER DISMISSING APPEAL

    Defendant-Appellant Pei-Yu Yang filed this bankruptcy appeal from (1) the Order Granting Motion for Summary Adjudication and (2) the Findings of Fact and the Conclusions of Law in Support of Order Granting Chapter 7 Trustee's Motion for Summary Adjudication, both of which were lodged on March 12, 2013 (the "Bankruptcy Court Order and Findings").  (*See* Docket No. 7).  For the reasons stated below, this appeal is DISMISSED.

    As the parties, the Bankruptcy Court, and now this Court well know, this appeal relates to an adversary proceeding filed by Richard A. Marshack, the Chapter 7 Trustee for the bankruptcy estate of Debtor Yan Sui.  The adversary proceeding seeks to void, as a fraudulent conveyance, the transfer of a personal residence located in Costa Mesa, California, from Mr. Sui and Ms. Yang, as joint tenants, to Ms. Yang, in her individual capacity.  The Trustee now has filed a Motion for Summary Adjudication in the adversary proceeding.

    As noted above, the Bankruptcy Court Order and Findings were lodged on March 12, 2013.  (*See* Docket No. 7)  Ms. Yang filed this appeal on March 22, 2013.  (Docket No. 2).

    Significantly, however, on April 2, 2013, the Bankruptcy Court filed a Report and Recommendation to the District Court Re Entry of an Order Granting Motion for Summary Adjudication and Entry of Findings of Fact and Conclusions

---

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **SACV 13-00487-MWF**                                      Date:  **April 29, 2013**

Title:        In re: Yan Sui

---

of Law (the "Report and Recommendation").  (Case No. SA 13-00519, Docket No. 2).  According to the Report and Recommendation,

> Pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the Bankruptcy Court hereby submits this Report and Recommendation ("R & R") to the District Court with respect to the Motion for Summary Adjudication ("Motion") brought by Richard A. Marshack, Chapter 7 Trustee ("Trustee") against Pei-Yu Yang ("Defendant").
>
> This R & R is made in an abundance of caution because it is unclear whether Defendant is objecting to the jurisdiction of the Bankruptcy Court.

(*Id.*)

This Court already has outlined the relevant procedural background:

> Under 28 U.S.C. § 157(b), "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."  *Id.*  "Core proceedings include . . . proceedings to determine, avoid, or recover fraudulent conveyances."  28 U.S.C. 157(b)(2)(H).
>
> Ms. Yang is correct that a bankruptcy court cannot enter final judgment in a fraudulent conveyance case.  *In re Bellingham Ins. Agency, Inc.*, 702 F.3d at 565-66 ("[T]he power to enter final judgment is abrogated.").  However, . . . . Section "157(b)(1) provides bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts.  Such cases remain in the core, and the § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law."  *Id.*  (discussing

---

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **SACV 13-00487-MWF**                 Date:  **April 29, 2013**

Title:      In re: Yan Sui

---

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989), and *Stern v. Marshall*, -- U.S. --, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011)).

      Here, the Bankruptcy Court has done just that, submitting a Report and Recommendation to this Court on April 2, 2013. (*See* Case No. 8:13-cv-00519-MWF).

      Consistent with the Bankruptcy Court's approach, this Court assumes without deciding that Ms. Yang objects to the jurisdiction of the Bankruptcy Court and that Ms. Yang has not consented or impliedly consented to such jurisdiction. *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 567-70 (9th Cir. 2012) (consent or implied consent permits a bankruptcy "judge to decide a core proceeding in which he would, absent consent, be disentitled to enter final judgment").

      Consequently, Ms. Yang cannot appeal the Bankruptcy Court Order and Findings that purport to "grant" the Trustee's Motion for Summary Adjudication. Per the Report and Recommendation, the matter has been referred to this Court for determination, and Ms. Yang must proceed by objecting to the Bankruptcy Court's Report and Recommendation. *See, e.g.*, *In re Coudert Bros. LLP*, App. Case No. 11-2785 (CM), 2011 WL 5593147, at *13 (S.D.N.Y. Sept. 23, 2011) (vacating the bankruptcy court's dismissal order as procedurally improper, treating the order as a report and recommendation, and deeming the appellant's brief as an objection to the report and recommendation) ("I am in something of a procedural morass. . . . I cannot consider the [appellant]'s appeal on the merits."); *In re Hudson*, 455 B.R. 648, 657 (Bankr. W.D. Mich. 2011) ("If this court's order is appealed, and the district court decides this court is not constitutionally authorized to issue a final order in this adversary proceeding, this Opinion should be treated as a report and recommendation.").

      Indeed, Ms. Yang already has filed an Objection to the Report and Recommendation. (*See* Case No. SA 13-00519, Docket No. 4).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  SACV 13-00487-MWF                                    Date: April 29, 2013

Title:     In re: Yan Sui

Accordingly, this appeal is DISMISSED.

IT IS SO ORDERED.